UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    *v.*                                          Case No. 17-CR-129

STEPHEN RUFFIN,

    *Defendant*.

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE: ORDERS OBTAINED UNDER THE STORED COMMUNICATIONS ACT

Investigating Stephen Ruffin's suspected involvement in an arson, the government sought and obtained court orders commanding certain cellular service providers to disclose a variety of information, including what we often describe as cell site information—data tending to show a cell phone user's location by reference to the location of cellular towers with which the cell phone communicates.

Rather than seeking a warrant, the government chose to pursue this evidence under 18 U.S.C. § 2703(d). As a result, the issuing judge didn't act upon sworn testimony and wasn't required to review the relevant applications for probable cause. Instead, the orders commanding disclosure of the relevant evidence to the government rested only on a finding of "specific and articulable facts showing that there are reasonable grounds

DStillerLLC

to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."[1]

In response, Ruffin, through counsel, raises an issue not yet addressed by the Seventh Circuit and that is pending before the Supreme Court in *Carpenter v. United States*.[2] The question presented in *Carpenter*, and adopted by Ruffin, is this: Whether the warrantless seizure and search of historical cellphone records revealing the location and movements of a cellphone user . . . is permitted by the Fourth Amendment?"[3]

Pending a decision in *Carpenter*, Ruffin proposes a negative answer to that question and therefore seeks suppression under the Fourth Amendment of all evidence obtained as a direct or derivative result of orders issued in this case under the Stored Communications Act.

Dated at Milwaukee, Wisconsin, this 2nd day of January, 2018.

Respectfully submitted,

**/s/ Daniel W. Stiller**

Daniel W. Stiller, WI Bar No. 1078748
DStillerLLC
Box 511130
Milwaukee, Wisconsin 53203
414-207-3190
dan@dstillerllc.com

Counsel for Stephen Ruffin

---

[1] 18 U.S.C. § 2703(d).

[2] 819 F.3d 880 (6th Cir. 2016), *cert. granted,* 137 S. Ct. 2211 (2017). According to the docket available on the Supreme Court's website, the case was argued on November 29.

[3] www.scotusblog.com/case-files/cases/carpenter-v-united-states-2/.